# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| **RASHONDA WALDEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** CV423-201 |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **FLYING FISH BAR & GRILL,** | ) | |
| **INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff **Rashonda Walden** ("Plaintiff Walden" or "Ms. Walden") brings this civil rights action for relief and damages against Defendant **Flying Fish Bar & Grill, Inc.** ("Defendant" or "The Flying Fish"), based on the following allegations and causes of action:

## NATURE OF THE ACTION

1.      This action alleging a racially discriminatory hostile environment and retaliation arises under 42 U.S.C.A. § 1981. While employed by Defendant,

1

Plaintiff Walden was subjected to repeated racial slurs by coworkers, and when Ms. Walden made a complaint to the co-owner of The Flying Fish, she was promptly terminated. Ms. Walden seeks economic damages, including back pay; noneconomic compensatory damages; punitive damages; as well as attorneys' fees and costs of litigation. Ms. Walden also petitions the Court for injunctive relief enjoining The Flying Fish from maintaining a workplace where employees are subjected to a hostile work environment based on their race and from discharging employees for engaging in protected activity under federal anti-discrimination laws.

## **THE PARTIES**

2.    Ms. Walden, an African American woman, is a resident of Chatham County, Georgia. During the time of the events alleged in this complaint, Ms. Walden was employed at The Flying Fish Bar & Grill at 7906 U.S. HWY 80 E, Savannah, GA 31410, which is located on Wilmington Island in Chatham County.

3.    The Flying Fish is a well-known seafood restaurant and is one of several businesses owned by Michael and Robin McMahon in the Savannah, Georgia community.

## PERSONAL JURISDICTION

4.      Defendant may be served with proper process through its registered agent Michael McMahon at its principal place of business at 7906 US HWY 80 E, Savannah, Georgia 31410.

## SUBJECT-MATTER JURISDICTION AND VENUE

5.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

6.      Venue is proper in this district and division under 28 U.S.C.A. § 1391(b)(1)-(2), as Defendant resides in and conducts business in and the alleged unlawful acts occurred in this judicial district and division.

## FACTUAL ALLEGATIONS

7.       The Flying Fish was established in 2007. It is consistently ranked as one of the most popular restaurants on Wilmington Island.

8.      Ms. Walden was hired as a food runner at The Flying Fish on or about April 14, 2023. Her job was to deliver meals from the kitchen to the customers at the restaurant. Ms. Walden was an hourly employee earning $20 an hour.

9. Beginning almost immediately, Ms. Walden experienced a barrage of racist language and insults that continued on a constant, near daily basis.

10. The sources of the bigoted remarks were two of the company's employees, a 17-year-old server whom Ms. Walden knew as McKenzie ("McKenzie LNU") and a general manager named Jennifer ("Jennifer LNU"), both of whom are white females. McKenzie LNU is also Jennifer LNU's niece.

11. McKenzie LNU hurled racial slurs at Ms. Walden on virtually every shift they worked together, frequently referring to Ms. Walden as a "n*****" and belittling her with comments like "You need to do this, n*****," "You don't know what you are doing," and "You need to do this, little girl." Ms. Walden is a 43-year-old adult; the use of terms like "girl" and "boy" is a familiar tool to diminish and marginalize black adults.

12. Ms. Walden was subjected to some of this racially charged and harassing conduct in front of customers and coworkers, including the co-owner, Michael McMahon, who observed and overheard some of the bullying and racial harassment but did nothing to intervene or remedy the situation. Nor did Mr.

McMahon discipline or reprimand McKenzie LNU or Jennifer LNU for their conduct.

13. On or about April 21, 2023, Ms. Walden was tasked with serving a party of 18 to 20 people. As the lone food runner on duty, Ms. Walden asked some of the servers to assist her in delivering food to the large party. Jennifer LNU yelled at Ms. Walden, "You are the food runner … that is what we f\*\*king hired you for! You n\*\*\*\*\*… you need to listen!" This was a humiliating episode that Ms. Walden recalls Mr. McMahon witnessing without taking action.

14. To her knowledge, Ms. Walden was the only African-American woman employed at The Flying Fish, while the kitchen staff was composed of four African-American males. Ms. Walden often overheard McKenzie LNU spew the same discriminatory language and racial slurs towards the other black employees of The Flying Fish, referring to them as "n\*\*\*\*\*\*" and saying, "That n\*\*\*\*\* need [sic] to learn to do this …." Ms. Walden heard McKenzie LNU say, "I don't care about y'all n\*\*\*\*\*\*."

15. On or about April 29, 2023, Ms. Walden arrived at work and began to set up her workstation. McKenzie LNU immediately began to badger Ms. Walden,

5

calling her a "n*****" and yelling at Ms. Walden that she was "doing stuff wrong." Ms. Walden told Mr. McMahon about the incident and asked to be excused from work for the rest of the day. Ms. Walden asked Mr. McMahon to take steps to improve the hostile conditions in the workplace.

16.    The next day, on or about April 30, Mr. McMahon called Ms. Walden to inform her that she was "not working out" and that her employment with The Flying Fish had been terminated.

17.    There is no evidence that the Flying Fish prohibits the use of racial slurs or epithets on its worksite. Ms. Walden was never provided a handbook or employment manual outlining policies regarding racial harassment or bullying.

18.    In the approximately two weeks she worked at the restaurant, Ms. Walden made, by her estimate, approximately 15 different complaints to her coworkers or the owners about the continuing, near daily verbal abuse and racial slurs at The Flying Fish.

19.    Not a single one of Ms. Walden's complaints produced results or correction. In fact, when she sought guidance from a newly hired black manager at

the restaurant, she was warned to stop complaining, because "we're black, and I don't want you to lose your job ... we're in the South."

20.    But for Ms. Walden's complaints of discrimination, the last of which was made to the co-owner of the Flying Fish the day before she was fired, Ms. Walden would not have been terminated.

21.    Ms. Walden's termination deprived her of income. Her loss of a job and the unrelenting race-based harassment at the Flying Fish also caused her to suffer noneconomic compensatory damages, including mental anguish and emotional distress.

22.    Upon information and belief, a sizable part of the customer base at the Flying Fish is comprised of African Americans who reside in Savannah, a predominantly African American community, or travel to the Wilmington Island area, which is a popular tourist destination.

**COUNT I**
**(Retaliation in violation of 42 U.S.C.A. § 1981)**

23.    Plaintiff Walden incorporates by reference all the preceding paragraphs of this complaint as though set forth fully and separately herein.

24.    Plaintiff Walden engaged in protected activity in the form of making internal complaints regarding racial discrimination at The Flying Fish, including reports made directly to the ownership.

25.    Defendant retaliated against Plaintiff Walden for engaging in protected activity by terminating her employment in violation of 42 U.S.C.A. § 1981.

26.    Defendant further engaged in retaliatory conduct by failing to take steps to address or stop the racial discrimination of which Plaintiff Walden complained. Defendant's inaction well might have dissuaded a reasonable worker from making or supporting a claim of discrimination.

27.    As a result of Defendant's retaliatory conduct, Plaintiff Walden has suffered monetary damages, including but not limited to back pay; and noneconomic damages, including emotional distress, humiliation, embarrassment, and mental anguish.

28.    The unlawful retaliatory conduct Plaintiff Walden complains of was done with malice or reckless indifference to her federally protected right to be free from retaliation in her workplace based on her opposition to racial discrimination. 42 U.S.C.A. § 1981a(b)(1).

## COUNT II
### (Hostile work environment based on race
### in violation of 42 U.S.C.A § 1981)

29.   Plaintiff Walden incorporates by reference all the preceding paragraphs of this complaint as though set forth fully and separately herein.

30.   During her employment at The Flying Fish, Plaintiff Walden was subjected to a work environment that was subjectively and objectively hostile based on her race.

31.   The harassment Ms. Walden experienced was sufficiently severe or pervasive that it altered the terms and conditions of her employment and created a discriminatorily abusive work environment.

32.   Defendant is liable for the discriminatorily abusive working environment Plaintiff Walden encountered in that it knew about the racial harassment and failed to take prompt remedial action to correct the conditions of which she complained.

33.   As a result of Defendant subjecting Plaintiff Walden to a hostile work environment on the basis of race, Ms. Walden has suffered monetary damages,

including but not limited to back pay; and noneconomic damages, including emotional distress, humiliation, embarrassment, and mental anguish.

34.    The unlawful hostile environment to which Plaintiff Walden was subjected and Defendant's failure to remedy the harassment were perpetrated with malice or reckless indifference to her federally protected right to be free from a discriminatorily hostile or abusive work environment based on race. 42 U.S.C.A. § 1981a(b)(1).

## **PRAYER FOR RELIEF**

Wherefore, based on the above stated claims, Plaintiff Walden demands a trial by jury and that the following relief be granted:

A. Back pay, front pay, and lost benefits;

B. Compensatory damages to the extent allowed by law;

C. Punitive damages;

D. Attorneys' fees and costs of litigation;

E. Prejudgment and post-judgment interest at the highest lawful rate;

F. A permanent injunction enjoining Defendant and its employees or

agents from maintaining a hostile work environment based on an employee's race and/or from discharging an employee for engaging in protected activity;

G. A declaratory judgment that Defendant's actions violated Ms. Walden's rights to be free from discrimination and retaliation based on her race and in violation of 42 U.S.C.A. § 1981; and

H. Such other equitable and monetary relief as the Court deems just and proper.

Respectfully submitted, the 17th day of July 2023.

**HKM Employment Attorneys LLP**

*s/Artur Davis*
Artur Davis[1]
ASB-3672-D56A
2024 3rd Ave. North, Suite 307
Birmingham, AL 35203
Direct: 205-881-0935
adavis@hkm.com

*s/ Sheri Bagheri*
Shahrzad "Sheri" Bagheri
GA Bar No. 174460

---

[1]Artur Davis will promptly file for admission *pro hac vice* as an attorney of record in this action. Mr. Davis is licensed in the state of Alabama and the District of Columbia.

3344 Peachtree Rd. NE, Suite 800
Office #35
Atlanta, GA 30326
Direct: 404-618-3966
sbagheri@hkm.com

Attorneys for Plaintiff Rashonda Walden