IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RASHONDA WALDEN, | * |
| Plaintiff, | * |
| v. | * CV 423-201 |
| FLYING FISH BAR & GRILL, INC., | * |
| Defendant. | * |

**O R D E R**

Before the Court is Defendant's motion to introduce evidence of Plaintiff's November 25, 2024, arrest ("the arrest"). (Doc. 42.) For the following reasons, Defendant's motion is **DENIED**.

**I. BACKGROUND**

In this case, Plaintiff alleges retaliation and racially discriminatory hostile environment claims pursuant to 42 U.S.C. § 1981 and arising out of her employment by Defendant in April 2023. (Doc. 1, at 1-6.) Defendant seeks to introduce at trial evidence that Plaintiff was arrested in the early hours of November 25, 2024, after police officers responded to gunfire at a residence ("the residence") in Savannah, Georgia. (Doc. 42, at 2-3, 6.) According to a police report offered by Defendant, police had visited the residence for a domestic dispute involving

Plaintiff shortly before the gunfire occurred. (Id. at 8.) Plaintiff was still at the residence when police returned in response to the gunfire. (Id.) On this return visit, Plaintiff denied hearing anything when asked about the gunshot. (Id.) However, officers found a shell casing at the doorway of the residence, and a neighbor informed officers she had witnessed Plaintiff shoot a gun into the air outside the residence. (Id. at 9.) The police report also notes Plaintiff was intoxicated and difficult to understand, refused verbal commands, and "actively resist[ed]" detention. (Id. at 8.) Plaintiff was arrested and charged with obstruction of a law enforcement officer pursuant to O.C.G.A. § 16-10-24. (Id. at 7.) The police report states that officers observed marijuana and a ballistic vest while conducting a protective sweep of the residence, in which other individuals were located. (Id. at 9.) Plaintiff is scheduled to appear in court regarding the arrest on January 23, 2025. (Doc. 43, at 3.)

## II. STATEMENT OF LAW

Under Federal Rule of Evidence 404(b), evidence of a "crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b). Such evidence, however, may be admissible for other purposes, such as to show motive, opportunity, intent, or preparation. Id.

2

Courts in the Eleventh Circuit apply a three-factor test when determining the admissibility of other crimes, wrongs, and acts under Rule 404(b). United States v. Brooks, 426 F. App'x 878, 881 (11th Cir. 2011) (per curiam).

> First, the evidence must be relevant to an issue other than the [person's] character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the [person] committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.[1]

United States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992) (citation and footnote omitted). Determining whether evidence is more probative than prejudicial under the third factor involves a "common sense assessment of all the circumstances surrounding the extrinsic offense, including . . . overall similarity between the extrinsic act and the [claims at issue], as well as temporal remoteness." Brooks, 426 F. App'x at 881 (quotation omitted).

### III. DISCUSSION

Defendant argues that because Plaintiff has "no corroborating evidence" to support her claims, the jury "should be granted insight into the Plaintiff's character as it is that character

---

[1] Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

3

that will be on trial." (Doc. 42, at 2.) According to Defendant, evidence of the arrest "shows that the Plaintiff has no problem intending, preparing, and otherwise planning a false narrative to suit her needs." (Id. at 3.) Defendant claims evidence of the arrest will also demonstrate "that the Plaintiff is not a truthful person and . . . is also engaged in a dangerous activity such as discharging a firearm in a neighborhood during a domestic dispute." (Id.) As such, Defendant contends the arrest is admissible under Federal Rules of Evidence 403 and 404(b). (Id.)

Plaintiff opposes, arguing that evidence of the arrest is not sufficiently related to the circumstances of Plaintiff's claims to render it admissible under Rule 404(b). (Doc. 43, at 3-4.) Plaintiff points this Court to other discrimination cases in which admissible prior act evidence has been limited to contexts involving "prior acts of discrimination or retaliation by a defendant, when there is a congruence in the nature of the challenged adverse action and the prior act, and where the defendant's intent or past effort to remediate discrimination were the ultimate issues in dispute." (Id.) Plaintiff also asserts that even if Rule 404(b) permits introduction of the evidence, the Court should nonetheless exclude the evidence under Rule 403 because of the substantial likelihood it will prejudice, confuse, and distract the jury. (Id. at 4.)

4

The Court finds that evidence of the arrest is not admissible to show Plaintiff's motive and intent to develop a false narrative regarding the events at issue in this trial. For the first factor of the 404(b) test, the Court considers the relevance of the 404(b) evidence to an issue other than person's character or propensity. Miller, 959 F.2d at 1538. Here, an allegation that Plaintiff lied to a police officer does pertain to her credibility. Thus, this factor is satisfied.

The second factor asks whether the other wrongs can be established by evidence sufficient to support a jury finding by a preponderance of the evidence that the Defendant committed the wrong. United States v. Green, 873 F.3d 846, 864 (11th Cir. 2017) ("To have Rule 404(b) prior act evidence admitted, the proponent need only provide enough evidence for the trial court to be able to conclude that the jury could find, by a preponderance of the evidence, that the prior act had been proved.") Here, a reasonable jury could find that witness statements and a police report are sufficient to determine Plaintiff committed the wrong. The second factor is therefore satisfied.

The third factor requires the Court to balance the evidence's probative value against its potential for unfair prejudice and the other Rule 403 considerations. Miller, 959 F.2d at 1538. Here, the Court finds the events of the arrest are too distant in time and distinct in circumstance from the events underlying this case

5

to warrant admission. The Rule 403 considerations also counsel against admitting evidence of Plaintiff's arrest. Specifically, because Plaintiff has not been convicted of the obstruction charge, introducing evidence of the arrest may compel rebuttal evidence, "essentially resulting in [a] mini-trial[]" as to Plaintiff's culpability in the unrelated obstruction case. <u>Reed v. Beko Techs. Corp.</u>, No. 1:21-CV-03563-WMR, 2024 WL 4580412, at *2 (N.D. Ga. June 3, 2024). Such side-show would risk "confusing the issues at trial and misleading the jury as to the specific facts of this case." <u>Id.</u> The prejudicial nature of the facts surrounding the arrest – gunfire, drugs, and domestic disputes – also substantially weighs against admission. Defendant has not satisfied the third factor, and its motion is therefore **DENIED**.

## IV. CONCLUSION

For the aforementioned reasons, Defendant's motion to introduce evidence of Plaintiff's arrest (Doc. 42) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of January, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA