IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RASHONDA WALDEN, | * | |
| Plaintiff, | * | |
| v. | * | CV 423-201 |
| FLYING FISH BAR & GRILL, INC., | * | |
| Defendant. | * | |

O R D E R

In preparation for the trial of this matter, and upon instruction by the Court, the Parties submitted a consolidated proposed pretrial order on November 6, 2024. (Doc. 35.)

At the pretrial conference held on December 18, 2024, the Court reviewed the proposed pretrial order with the Parties. No modifications to the proposed pretrial order were made at that time. The Court also heard argument regarding Plaintiff's motion *in limine* (Doc. 36), which the Court then orally denied as moot.

**IT IS HEREBY ORDERED** that the proposed pretrial order, attached to this Order as Exhibit A, shall constitute the **PRETRIAL ORDER** in this case. Furthermore, as the Court stated during the pretrial conference, Plaintiff's motion *in limine* (Doc. 36) is **DENIED AS MOOT.**

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of January, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RASHONDA WALDEN,           )
                           )
          Plaintiff,       )
                           )
                           ) Case No.:
V.                         ) 4:23-cv-00201-JRH
                           )
                           )
FLYING FISH BAR & GRILL, INC., )
                           )
                           )
          Defendant.       )

# PRETRIAL ORDER

1. **Proposed Factual Stipulations:**

   The parties do not propose any factual stipulations.

2. **See Plaintiff's Attachment B**

   **No proposed Defense voir dire**

3. **Attorneys to be qualified:**

   Plaintiff: Artur Davis, Jerilyn Gardner, HKM Employment Attorneys (Plaintiffs propose to limit qualifications to members of the firm involved in trying this case because the firm has no Southern District of GA physical presence and has over 60 attorneys nationwide).

   Defendant: John Carson, Klyne Weaver, Phillips Carson, Carson & Phillips Law Firm.

4. 42 U.S.C.A. § 1331, 1343.

5. There are no unresolved motions.

6. Discovery concluded in this matter on March 28, 2024.

7.     The names of the parties are complete and correct and there are questions or joined or misjoinder.

8.     **Outline of Plaintiff's Case**

Plaintiff Rashonda Walden worked for approximately two and a half weeks in April 2023 at the Flying Fish on Wilmington Island. Her job was to deliver meals from the kitchen to tables in the restaurant. Ms. Walden alleges that during these two weeks, she was subjected on multiple occasions to racial slurs and other belittling remarks by a coworker and a manager. On April 30, 2023, Ms. Walden maintains that she complained about the racist behavior toward her to the owner John McMahom and that he fired her the next day. Ms. Walden asserts two claims, that she was subjected to a hostile work environment based on her race. She also contends that she was fired because she complained about racial discrimination in her workplace. Ms. Walden seeks compensatory damages for the emotional distress that she says she experienced and she seeks punitive damages against the Flying Fish for willfully violating her rights not to be subjected to race discrimination.

9.     **Outline of Defense Case** [1]

Plaintiff Rashonda Walden was hired as a food runner at Defendant Flying Fish's restaurant on Wilmington Island in Chatham County, Georgia in April of 2023. Plaintiff Walden worked approximately 8 shifts as a food runner and quickly decided that she did not like running food for the servers whom Plaintiff Walden deemed to be lazy and not worth running food for. By the fourth shift, Plaintiff Walden became hostile towards management and fellow employees. Defendant Flying Fish's owner, Michael McMahon, decided that the employment was not working out and terminated the employer-employee relationship.

10.    **Statutory Provision for Liability**

Plaintiff brings both of her claims under 42 U.S.C.A. § 1981. Plaintiff seeks punitive damages under 42 U.S.C.A. § 1981a(b)(1), which requires proof that the employer "engaged in a discriminatory practice…with reckless indifference to the federally protected rights of an aggrieved individual."

Plaintiff asserts that the repeated occasions in which she was subjected to racial slurs of racially offensive language were severe or pervasive enough that it created a hostile working environment. Plaintiff also alleges that but for her complaints about discriminatory conduct, she would not have been fired.

---

[1] Plaintiff objects to the Defense formulation as inappropriately argumentative in town.

11. NA

12. NA

13. NA

14. The Plaintiff has the burden to prove her case by a preponderance of the evidence and will present the first opening statement, first closing statement, and rebuttal statement.

15. **Plaintiff's "Will Call" witnesses:**

    Rashonda Walden
    Nicholas King
    Savannah Walden

    **Plaintiff's "May Call" Witness:**

    Michael McMahon

    **Defendant's "Will Call" Witnesses:**

    McKenzie Hendrix
    Cameron Bonds
    Jennifer Wingo
    Lilith Anderson.

16. **Documents to be presented.**

    The parties do not anticipate that any documents will be presented as trial exhibits.

17. The parties will not offer any deposition testimony in lieu of live testimony.

18. The parties will prepare briefing consistent with the Court's scheduling order regarding any motions in limine.

19. Plaintiff estimates that counting opening statements, it will take one day to present her case. Defendant estimates one half of a day (4 hours) to present the defense.

20. **Settlement prospects**

Plaintiff has offered to settle the case and proposes mediation of this case with a United States Magistrate Judge. Defendant has not offered to settle and represents that there is no possibility of settlement.

**21.** Plaintiff anticipates filing a motion in limine to exclude any evidence offered by Defendant that Plaintiff made allegations of racially discriminatory conduct while she was employed at any other job.

**22.** Plaintiff opposes bifurcation of damages and liability.

**23.** See response to No. 22.

**24.** NA

**25. IT IS HEREBY ORDERED that the foregoing constitutes a PRETRIAL ORDER in the above case(s), that it supersedes the pleadings which are hereby amended to conform hereto and that this PRETRIAL ORDER shall not be amended except by ORDER OF THE COURT.**

This 6th day of November, 2024.

                                                    **HKM Employment Attorneys LLP**

*s/Artur Davis*
Artur Davis (admitted pro hac vice)
ASB-3672-D56A
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
Direct: 205-881-0935
adavis@hkm.com

Shahrzad "Sheri" Bagheri
GA Bar No. 174460
3344 Peachtree Rd. NE, Suite 800
Office #35
Atlanta, GA 30326
Direct: 404-618-3966
sbagheri@hkm.com

**Attorneys for Plaintiff**

*John Carson Jr.*
s/John Carson Jr.

Phillips Carson & Phillips
1901 Abercorn St.
Savannah, GA 31401
Tel: 912-232-0081
johncarsonjr@gmail.com

**Attorney for Defendant**

---

J. RANDALL HALL
UNITED STATES DISTRICT JUDGE

**Plaintiff's Attachment B1: proposed voir dire:**

1. Have any of you ever been employed by a restaurant or eating establishment in any capacity?
2. Have any of you ever been a customer at the Flying Fish restaurant in Savannah?
3. Have any of you ever been named as a defendant in a civil suit?
4. Do any of you belong to any community, civic, or political organizations?
5. Do any of you believe that race discrimination is no longer a serious issue in our community?
6. Would any of you have a reluctance to award financial damages against a small business even if you concluded that they were liable for the conduct alleged?
7. What is your primary source of receiving news about both local national issues?
8. Have any of you had to testify in a civil trial; if so, describe the situation.
9. Do any of you believe you have been discriminated against at work because of your race; if so, describe the situation.